**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **CURTIS HUNTER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 4:26-cv-93-CDL-CHW** |
| | : | |
| **PROGRESSIVE MOUNTAIN** | : | |
| **INSURANCE COMPANY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

On January 28, 2026, Plaintiff filed a complaint for breach of contract and bad faith (ECF No. 1).   Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) on the same day.   Because Plaintiff has established that he is unable to pay the filing fee, his motion to proceed IFP is **GRANTED**.   For the reasons stated below, Plaintiff's claims against Defendant Progressive Mountain Insurance Company are permitted to move forward for factual development.   However, it is **RECOMMENDED** that Plaintiff's claims against Defendants House and Kilgore be **DISMISSED**.

### DISCUSSION

**I.      Preliminary Review Requirement**

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2).   That statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   An action is frivolous when the complaint

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## II.     Plaintiff's Complaint

Plaintiff alleges that he had an insurance policy on his motor home through Defendant Progressive Mountain Insurance Company ("Progressive"), which provided comprehensive coverage for damages, including those resulting from storms. (ECF No. 1, p. 3, ¶¶ 11, 12). Plaintiff alleges that the policy premiums were paid and that the policy was effective at the times relevant

to his complaint. (*Id.*, ¶ 12-13).

On January 9, 2024, a storm damaged Plaintiff's motor home while it was parked in Columbus, Georgia.   (*Id.*, p. 3-4, ¶¶ 16-17).   Plaintiff submitted a claim to Progressive the same day.   (*Id.*, p. 4, ¶ 18).   Defendant Taylor House, a Progressive adjuster, assessed the damage later that month. (*Id.* p. 4, ¶ 19).   Plaintiff received a phone call from Defendant House, who explained that Progressive was denying coverage for the damage.   (*Id*, p. 4, ¶ 20).   Plaintiff requested to speak to Defendant House's supervisor, Defendant Antwan Kilgore, who again denied coverage. (*Id.*, p. 2, ¶ 6; p. 4-5, ¶ 21-22).   As alleged by Plaintiff, Defendants House and Kilgore attributed the damage to Plaintiff's failure to maintain the motor home and the overall condition of the motor home instead of the January 9, 2024, storm, but Plaintiff alleges the policy plainly covered storm damage.   (*Id.*, p. 4-5, ¶¶ 20, 22, 23). The claim was formally denied via a letter dated January 26, 2024, which Plaintiff received on January 30, 2024.   (*Id.*, p. 5, ¶ 23).   Plaintiff has attempted to prevent further damage to the motor home by covering the roof with tarps but says damage to the roof and water damage to the interior remains.   (*Id.*, p. 6, ¶ 24-26).   In his request for relief, Plaintiff seeks $250,500 in compensatory damages against all Defendants, $25,000 compensatory damages against Defendants House and Kilgore individually, and punitive damages of at least $250,000 against Progressive.   (*Id.*, p. 6-7).

## III.   Preliminary Review of Plaintiff's Complaint

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).   Here, Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1332.   (ECF No. 1, p. 1).

The diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a).  "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount[.]'" *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289)).

As pled, Plaintiff's complaint demonstrates that the Court has jurisdiction under 28 U.S.C. § 1332. All named Defendants are domiciled in Ohio, while Plaintiff resides in Columbus, Georgia. Plaintiff has likewise made claims for damages exceeding $75,000.

Plaintiff's complaint also sufficiently sets forth his claims for breach of contract and bad faith against Progressive as his insurer. However, causes of action for breach of contract and bad faith may not be maintained against Defendants House and Kilgore in their roles as insurance adjusters and must be dismissed.

### 1.  Claims against Defendant Progressive

A plaintiff's complaint is sufficient if it "contain[s] . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a).  Here, Plaintiff meets this pleading standard for both of his claims.   Under Georgia Law, Plaintiff would need to allege that a contract existed, that a breach of the contract occurred, and that he sustained damages from the breach.  *See, e.g., Liggins v. Parkwood Living, LLC*, 373 Ga. App. 140, 145 (2024) (citations omitted).   Bad faith for failure to pay under an insurance policy may arise when "liability is

4

reasonably clear and the insurer in bad faith offers less the amount reasonably owed…" O.C.G.A. § 33-4-7(b).   The complaint provides a summary of events from which Plaintiff's claims arise and provides factual allegations sufficient to inform Defendant Progressive of his claims and the grounds on which they rest.   Plaintiff alleges that an insurance policy existed, that he made a claim under that policy, and that Progressive refused to pay despite having an obligation to pay for storm damage. Therefore, the Court will allow Plaintiff's claims against Progressive to proceed for further factual development.

### 2.  Claims against Defendants House and Kilgore

Plaintiff's claims against the individual insurance adjusters, Defendants House and Kilgore must be dismissed. Claims for breach of contract and any resulting bad faith may only be maintained against a party to the contract.   It is undisputed that parties to a vehicle policy are the insured, Plaintiff, and the insurer, Progressive. Defendants House and Kilgore are not parties to the contract simply because they worked for Progressive, do not have otherwise have a contractual relationship with Plaintiff, and do not owe a duty to Plaintiff under the contract.   *See*, *e.g.*, *Plaza Props, Ltd. V. Prime Bus. Invs., Inc.*, 240 Ga. App. 639, 642 (1999) ("It is…fundamental that [a] person who is not a party to a contract (i.e. is not named in the contract and has not executed it) is not bound by its terms.") (footnotes and citations omitted); *Dumas v. ACCC Ins. Co.*, 349 F. App'x 489, 491 (11th Cir. 2009) ("The Georgia courts have held that insurance adjusters do not share the same relationship with an insured…. In the absence of privity of contract, an insurance adjuster is not liable to an insured for failure to settle a claim….") (citations omitted); *see also* O.C.G.A. § 33-4-7(b) (explaining *insurer's* duties to settle claims and bad faith for refusal to pay) (emphasis added).   Thus, the individual defendants are not proper defendants in the case.   Therefore, it is recommended that Plaintiff's claims against Defendants House and Kilgore be dismissed.

### 3.  Opportunity to Amend

"Generally, a district court must grant a *pro se* plaintiff at least one opportunity to amend before dismissing if it appears that a more carefully drafted complaint might state a claim, even if the plaintiff never seeks leave to amend."  *Christensen v. Reddish*, No. 22-13485, 2023 WL 5665801, at *1 (11th Cir. May 25, 2023) (citing *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019)).   Nevertheless, leave to amend need not be given where it would be futile. *See Johnson v. Ortiz*, No. 20-13547, 2022 WL 1311540, at * 3 (11th Cir. May 2, 2022) ("Although we have held that a *pro se* plaintiff generally should be given at least one chance to amend a complaint before the district court dismisses his action with prejudice, leave to amend is *not* required where such amendment would be futile—for instance, because the 'complaint as amended would still be properly dismissed.'" (quoting *Silberman*, 927 F.3d at 1132–33)).   Such is the case here.   No amendment to Plaintiff's complaint would change the fact that he cannot maintain his claims against the individual insurance adjuster defendants.   Therefore, it is recommended that Plaintiff's claims against Defendants House and Kilgore be dismissed without allowing him an opportunity to amend.

### CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** and his claims against Defendant Progressive are permitted to move forward for factual development.   However, it is **RECOMMENDED** that his claims against Defendants House and Kilgore be **DISMISSED**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14)**

**DAYS** after being served with a copy thereof.   Any objection is limited in length to **TWENTY (20) PAGES.**   *See* M.D. Ga. L.R. 7.4.   The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**ORDER FOR SERVICE**

Having found that Plaintiff's claims may move forward for factual development, it is accordingly **ORDERED** that service be made on Defendants Progressive, House, and Kilgore, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff is advised that he must serve upon opposing counsel (or defendants if the defendants are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to Defendants

7

or Defendants' counsel. The Clerk of Court will not serve or forward to defendants or the defendants' counsel copies of any materials filed with the Court.

## DUTY TO PROSECUTE

The plaintiff is responsible for diligently prosecuting his complaint and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 7th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge