IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:26-CV-93 (CDL) |
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |

O R D E R

Curtis Hunter was insured under a motor home insurance policy issued by Progressive Mountain Insurance Company. Hunter brought this action against Progressive for breach of contract, asserting that his motor home sustained damages covered by the policy, but Progressive refused to pay his claim. In his complaint, Hunter also alleges that Progressive failed to pay his claim in bad faith. Progressive filed a motion to dismiss the bad faith claim because Hunter did not make a statutory demand as required for a bad faith claim under O.C.G.A. § 33-4-6.[1] Hunter acknowledges that he cannot bring a bad faith claim under Georgia law because he has not made a statutory demand. The Court therefore dismisses Hunter's bad faith failure to pay claim.

[1] There is no dispute that Georgia law applies to this diversity action because Hunter is a Georgia citizen whose claims arise from Progressive's handling of his Georgia property insurance policy.

In his response to Progressive's motion to dismiss, Hunter argues that he should be permitted to make a statutory demand and then amend his complaint to assert a bad faith claim. But a plaintiff may not seek leave to amend a complaint by embedding his request in a response brief, and he may not obtain leave to amend without setting forth the substance of the proposed amendment. *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277-78 (11th Cir. 2018). For those reasons, Hunter's present request for leave to amend is denied.

Hunter's breach of contract claim against Progressive remains pending.[2]

IT IS SO ORDERED, this 17th day of November, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[2] Progressive initially moved to dismiss Hunter's complaint in its entirety for failure to comply with the requirements of Federal Rule of Civil Procedure 4(m). Progressive acknowledges that Hunter has now satisfied the requirements, and it withdrew that part of its motion to dismiss.